UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PERRY PENDELL,

                Petitioner,

v.                                            9:21-CV-0201
                                                (GTS/CFH)

RAYMOND SHANLEY, Superintendent of
Coxsackie Correctional Facility,

                Respondent.

---

APPEARANCES:                                              OF COUNSEL:

PERRY PENDELL
Petitioner pro se
14-A-3835
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

HON. LETITIA JAMES                                PAUL D. LYONS, ESQ.
Attorney for Respondent                            Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      Petitioner Perry Pendell seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. Nos. 1, 1-1 & 1-2, Petition. Presently pending before the Court are (1) petitioner's Notice of Interlocutory Appeal, Dkt. No. 52, motion for a certificate of appealability, Dkt. No. 53, and application to proceed in forma pauperis ("IFP") on appeal, Dkt. No. 56; (2)

petitioner's letter request to include additional documents – the memorandum of law he submitted with his appeal from the denial of his 440 motion – into the State Court Record, Dkt. No. 54; and (3) a status report from respondent, Dkt. No. 55.

## II. DISCUSSION

### A. Interlocutory Appeal

Petitioner previously filed two motions to reconsider Magistrate Judge Hummel's prior orders (1) granting respondent permission to file an oversized brief and (2) allowing respondent an additional one-day extension to serve petitioner with a copy of a video exhibit and the Clerk of the Court with a CD containing the video exhibit and sealed portion of the State Court Record. Dkt. Nos. 31 & 40, Motions to Reconsider. On March 24, 2022, petitioner's motions were denied. Dkt. No. 45, Decision and Order ("March Order"). In addition, the March Order included direction for petitioner to file status reports concerning complaints about his state court record. *Id.* at 8-11.

On April 6, 2022, petitioner appealed the March Order. Dkt. No. 46, Appeal of Magistrate Judge Decision. On May 9, 2022, the undersigned denied the appeal. Dkt. No. 50, Text Order ("May Order").

On May 16, 2022, the undersigned issued a second order concerning the status reports. Dkt. No. 51, Text Order. Specifically, petitioner reported that he believed he received a fully-intact State Court Record; therefore, any complaints petitioner had asserted regarding the State Court Record were denied as moot. Dkt. No. 46 at 1-2; Dkt. No. 51. Additionally, the Order directed the respondent to file a status report regarding petitioner's inability to see a sealed exhibit from his underlying state court conviction which was

submitted, as part of the State Court Record, to the Court. *Id.*

On May 20, 2022, petitioner filed a Notice of Interlocutory Appeal and request for a certificate of appealability seeking to appeal the undersigned's May Order. Dkt. No. 52 at 1; Dkt. No. 53.

Petitioner's request for a certificate of appealability is denied because the original motions to file an enlarged brief and seek a brief extension, and subsequent requests for reconsideration, are all non-dispositive and non-final in nature.

> A final decision end the litigation on the merits and leaves nothing for the court to do but execute the judgment. . . . To be final, an order must conclusively determine the pending claims of all parties to the litigation unless the district court directs entry of judgment on the dismissed claims or parties pursuant to Federal Rule of Civil Procedure 54(b).

*Daum v. Eckert*, 2021 WL 4057190, at *1 (2d Cir. 2021) (internal quotation marks and citations omitted); *see also Canales v. Sheahan*, No. 1:12-CV-0693, at *1, n.1 (W.D.N.Y. Feb. 13, 2019) (holding a "motion for an extension of time is non-dispositive."). Here, the May Order denying reconsideration of the prior ministerial, pretrial management decisions did not end the litigation on the merits. Accordingly, the order was not final.

Moreover, none of the exceptions to the final judgment rule apply. *See Daum*, 2021 WL 4057190, at *1 (explaining exceptions: entry of judgment pursuant to Rule 54(b); certification for an immediate appeal by the court; challenge to request for injunctive relief, appointment of a receiver, or a decree in an admiralty case as listed in 28 U.S.C. § 1292(a); or the collateral order doctrine which permits interlocutory appeals to resolve important issues separate from the merits and otherwise unreviewable on appeal).

As a result, petitioner's interlocutory appeal, Dkt. No. 52, is improper and petitioner's

request for a certificate of appealability, Dkt. No. 53, is denied. Additionally, petitioner's IFP application, Dkt. No. 56, is denied without prejudice to renew when petitioner files a valid appeal based on a final judgment or one of the noted exceptions.[1]

This Court still retains jurisdiction over this action despite petitioner's interlocutory appeal. *United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996). Further, for the reasons discussed *infra*, petitioner is now in the position to file his Traverse. Accordingly, petitioner will be given thirty (30) days to file his reply and, regardless of whether or not a Traverse is filed, briefing will be complete. No further submissions will be accepted without prior permission from the Court.

### B. Request for Clarification

Petitioner's request for a certificate of appealability also sought clarification from the Court regarding the status reports which were part of the March Order. Dkt. No. 53 at 1. It appears that petitioner's request crossed in the mail with the Court's second order, Dkt. No. 51, addressing the status reports. Recent submissions demonstrate that clarification is no longer necessary. Specifically, petitioner has already represented that he has received the entire State Court Record, Dkt. No. 46 at 1-2, and respondent states that petitioner was able to view the exhibit video on May 18, 2022, Dkt. No. 55 at 2. Therefore, any such request is

---

[1] Even if petitioner's appeal were proper, his IFP application would still be denied. Under Rule 24 of the Federal Rules of Appellate Procedure, a party to a district court action who seeks IFP status for purposes of an appeal must file a motion in the district court and must include an affidavit that
      (A) shows in the detail prescribed by Form 4 of the Appendix of Forms ("Form 4")
      the party's inability to pay or to give security for fees and costs;
      (B) claims an entitlement to redress; and
      (C) states the issues that the party intends to present on appeal.
Fed. R. App. P. 24(a)(1)(A)-(C). Petitioner filed the form affidavit, but failed to include "a statement certified by [an] appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in [his] institutional inmate accounts" as required by Form 4. Dkt. No. 56 at 7. Accordingly, petitioner did not submit all the required information so his IFP application would be denied without prejudice.

denied as moot.

### C.     Adding Documents to the State Court Record

Petitioner's previous request to create new evidence, namely a still picture from the exhibit video, was denied.  Dkt. No. 51.  However, now petitioner seeks to add the memorandum of law which accompanied his application for leave to appeal the denial of his 440 motion in state court.  Dkt. No. 54.  This was not provided to the Court by the respondent.  Dkt. No. 34 at 3.  Respondent shall have two weeks from the issuance of this order to file a response to petitioner's request.  However, this request does not hinder petitioner's ability to simultaneously file his Traverse because he has had the opportunity to review and examine all of the documents and exhibits from the State Court Record and arguments in respondent's opposition brief.  Accordingly, should petitioner choose to file a reply to respondent's answer opposing the present petition, any such reply must be filed within thirty (30) days of the issuance of this Order.

## III.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's interlocutory appeal, Dkt. No. 52, is **IMPROPER** and his request for a certificate of appealability, Dkt. No. 53, is **DENIED**; and it is further

**ORDERED** that petitioner's IFP application, Dkt. No. 56, is **DENIED WITHOUT PREJUDICE** and with a right to renew if and when petitioner files a proper appeal; and it is further

**ORDERED** that respondent shall, **within two weeks of the filing of this Order**, file a response to petitioner's request to add documents to the State Court Record before the

5

Court; and it is further

**ORDERED** that petitioner may, but is not required to, **file a reply within thirty (30) days** of the issuance of this Order.  If petitioner chooses to file a reply, it must not exceed fifteen (15) pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by the respondent in his answer and memorandum of law in opposition to the petition.  This Court will not consider any new grounds for relief or other legal theories asserted by petitioner in his reply that were not previously asserted by him in his petition.  If petitioner fails to file a reply or a request for extension of time within thirty (30) days of the filing date of respondent's papers, he may forfeit his opportunity to file a reply; and it is further

**ORDERED** that upon the filing of the reply, if any, or after the deadline to file a reply expires, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that any potential request for clarification which petitioner sought, Dkt. No. 53 at 1, is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

Dated: May 24, 2022
      Syracuse, New York

*[Signature]*
Hon. Glenn T. Suddaby
Chief U.S. District Judge